UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF ARKANSAS

IN RE:

CALEB ERIK ISREAL, DEBTOR                                  CASE NO.: 5:25-BK-71594


SOUTH BY NORTHWEST HOSPTIALITY


V.                                         AP CASE NO.: 5:25-ap-07061


CALEB ERIKS ISREAL


ANSWER TO COMPLAINT TO DETERMINE NONDISCHSREABILITY

Comes now the Debtor/ Defendant, by and through his attorney, Steven H. Kay, in this his Answer states and alleges as follows:

1. That defendant debtor is without sufficient knowledge to admit or deny averment 1, therefore must deny.
2. That defendant debtor admits averment 2.
3. That defendant debtor admits that jurisdiction and venue are proper.
4. That defendant debtor denies all averments unless specifically admitted herein.
5. That defendant debtor admits averment 4.
6. That defendant debtor denies averment 5.
7. That defendant debtor admits averment 6 and 7.
8. That defendant admits plaintiff's claim is a debt but denies all other allegations of averment 8.
9. That defendant debtor admits plaintiff attached a copy of the complaint as stated in averment 9 but denies the allegations contained therein.
10. That defendant debtor denies averments 10,11,12,13,14,15, and 16.
11. That defendant debtor admits that plaintiff has made an accurate statement regarding the law in averment 17, 18, and 19 but denies that it applies in this case.
12. That defendant debtor denies averment 20, 21,22,23, 24, and 25.
13. The even if plaintiff's allegations of defendant's conduct were true, plaintiff can show no actual damages.  Further, defendant has the defense of having stated

factually accurate statements online and or given his honest opinion. That absent damages specifically related to willful and malicious conduct by the defendant debtor, Plaintiff has no claim for which relief can be granted.
14. That plaintiff has not alleged facts which show that Defendant's alleged conduct was willful and malicious, merely reckless at best.
15. That plaintiff has alleged no facts in their attached Arkansas Circuit Court case which show that the statements made were anything more than opinion and personal impressions. Specifically, defendant debtor's alleged statements were not defamation merely opinion, which is not a statement of fact.
16. That plaintiff cannot show that any statements allegedly made by the defendant debtor were falsehoods.
17. That plaintiff has failed to allege significant facts for which relief can be granted.
18. That plaintiff's motion should be denied for failure to state a claim for which relief can be granted.

Wherefore, the defendant debtor prays that this court deny Plaintiff's claim for relief and grant the defendant debtor a discharge of the debt.

Respectfully Submitted,

By: /s/ Steven H. Kay 99-135

Law Office of Steven H. Kay
601 W. Dickson
Fayetteville AR 72701
(479) 521-3334

Certificate of Service

I Steven H. Kay do hereby swear and affirm that a true and correct copy of the foregoing Answer has been served upon the Plaintiff through their attorney Jole Cape, vie the Pacer filing system.

/s/ Steven H. Kay